J. W. Hinson, *Plaintiff in Error*, v. W. H. Drummond, *Defendant in Error*.

Division B.

Opinion filed September 27, 1929.

*Thomas E. Walker* and *Carter, Solomon, Welch & Pierce*, for Plaintiff in Error;

*Cecil A. Rountree*, for Defendant in Error.

Buford, J.—In this case the plaintiff, defendant in error here, sued the defendant, plaintiff in error here, in an action in the circuit court wherein he alleged that he had been damaged by the deceit and misrepresentations of the

defendant with reference to the condition of a bank of which the defendant in the court below was a member of the board of directors and president.

It is alleged that the defendant was president and director of the bank and to persuade and procure the plaintiff to leave money belonging to plaintiff on deposit in the bank, represented to the plaintiff on a certain day in July, 1926, that said bank was in sound condition and was solvent, when, in truth and in fact, said bank was at that time insolvent and was not in a sound condition.

One count of the declaration alleges that the true condition of the insolvency of the bank was known to the defendant, or that he should have known it.

The second count does not make this averment but does aver that the defendant was a director of and president of said bank. Both counts allege that the representations were made to the plaintiff by the defendant for the purpose of inducing plaintiff to permit a large deposit of money to remain in the bank and to make further deposits of money in the bank and that the plaintiff, relying upon the statements and representations, and believing same to be true, deposited large sums of money in the bank. That the bank was subsequently closed and the plaintiff lost his money.

The proof amply supports the allegations of the declaration. We have carefully considered the charges given by the court and when taken as a whole we find no reversible error. In Watson v. Jones, 41 Fla. 241, 25 So. R. 678, this Court say:

"Wherever a party makes a false representation of a material fact to a person ignorant thereof, with intention that it shall be acted upon, followed by reliance upon and by action thereon amounting to a substantial change of position, and the special situation or means of knowledge of the party making the statement were

such that it was his duty to know as to the truth or falsity of the representation, such party is in law guilty of fraud as much so as if he actually knew that his statement was false, and an action for deceit based thereon is not under our statute (Section 1294, Revised Statutes) barred until three years from 'the discovery by the aggrieved party of the facts constituting the fraud.' ''

And, further in the same opinion, the Court say:

''Averments in a declaration for deceit, to the effect that defendant well knew his statements to be untrue, and that his special situation or means of knowledge were such as made it his duty to know whether his representations were true or false, are but different methods of alleging the same ultimate fact—knowledge— and a declaration containing both averments is not bad for duplicity, nor can it be said to be so framed as to prejudice or embarrass the defendant in preparing his defense.''

In Wheeler v. Barrs, 33 Fla. 696, 15 So. R. 584, the Court say:

''A false representation of a material fact, made with knowledge of its falsity, to a person ignorant thereof, with intention that it shall be acted upon, followed by reliance upon and by action thereon amounting to substantial change of position, is a fraud of which the law will take cognizance.''

And, further in this opinion, the Court say:

''The knowledge by the maker of the representation, of its falsity, or, in technical phrase, the *scienter*, can be established by either one of the three following phases of proof: (1) That the representation was

made with actual knowledge of its falsity; (2) without knowledge either of its truth or falsity; (3) under circumstances in which the person making it ought to have known, if he did not know, of its falsity. Under the first phase the proof must show actual knowledge of the falsity of the representation. Under the second phase it should show that the representation was made in such absolute, unqualified and positive terms as to imply that the party making it *had knowledge* of its truth, and that he made such absolute, unqualified and positive assertion on a subject of which he was ignorant, and that he had no knowledge whether his assertion in reference thereto was true or false. Under the third phase the proof should show that the party occupied such a special situation or possessed such means of knowledge as made it his *duty* to know as to the truth or falsity of the representation made. If the proof establishes either one of these three phases, the *scienter* is sufficiently made out.''

See also Mizell et al v. Upchurch, 46 Fla. 443, 35 So. R. 9, and cases there cited.

The record discloses no reversible error and, therefore, the judgment should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.

ELLIS, J.: Should be affirmed on authority of 46 Fla. 443.