CHARLES E. PELOT v. FRED B. LOEB.

160 So. 525.
Opinion Filed April 4, 1935.

*E. C. Mitchell,* for Appellant.

*S. D. Clarke* and *Eugene Hale,* for Appellee.

WHITFIELD, C. J.—In a foreclosure proceeding it appears that on July 5, 1927, Frank H. Elmore executed to J. B. Loeb a mortgage upon described real estate to secure the payment of a promissory note for $2,000.00 payable in three years; that the mortgage was recorded July 5, 1927; that on the same day Frank H. Elmore executed to Charles E. Pelot a mortgage for $500.00 covering the property but subject to the mortgage for $2000.00 above mentioned that on July 6, 1927, Frank H. Elmore conveyed the mortgaged property to W. T. Walker, J. B. Loeb and Thomas T. Elmore, subject to the $2,000.00 mortgage and also subject to the $500.00 mortgage given by Frank H. Elmore to Charles E. Pelot, "both of which said mortgages the grantees in said deed assume and agree to pay"; that on May 21, 1931, J. B. Loeb sold and assigned the note and mortgage for $2,000.00 to Fred B. Loeb, the complainant; that the grantees of the mortgagor defaulted and foreclosure proceedings were brought, there being various defendants including Charles E. Pelot, the holder of the $500.00 mortgage.

A motion was made by the defendant, Charles E. Pelot, to dismiss the bill of complaint, one of the grounds in effect being that the original mortgagee, J. B. Loeb, with two other persons later acquired the title to the mortgaged property and assumed the mortgage made to Charles E. Pelot and that the "complainant acquired the title to the mortgage sought to be foreclosed with knowledge of said contract and obligation." This motion to dismiss was denied and the

final decree adjudged the $500.00 mortgage of Charles E. Pelot to be subordinate to the complainant's $2,000.00 mortgage. Charles E. Pelot appealed.

While according to the allegations of the bill of complaint, J. B. Loeb, the complainant's assignor of the $2,000.00 note and mortgage, in taking title with two other persons to the mortgaged property, assumed and agreed to pay the $500.00 mortgage of Charles E. Pelot, it does not appear that the complainant assumed and agreed to pay the Pelot mortgage. The transfer of the note and mortgage to complainant was after the note was past due and in default, but in foreclosure proceedings the rights of the complainant are measured by the assignment of the mortgage as well as by the note, and the assignment contains no assumption of or promise to pay the Pelot mortgage. Complainant took by assignment a mortgage that is superior to the Pelot mortgage, but the assignment contained no assumption of or promise to pay the Pelot mortgage and it does not appear that complainant otherwise promised to pay the Pelot mortgage. Complainant is the assignee of the mortgagee's right in the mortgage, not the assignee of the mortgagor's grantees.

J. B. Loeb took with two others the title to the property on which J. B. Loeb held the $2,000.00 mortgage; but the mortgage was not thereby merged into the title held by the three grantees of the title and there is no showing of circumstances to preclude J. B. Loeb from holding or assigning his mortgage covering the property to which he and two others took title subject to the mortgage. There is nothing to show that complainant has subordinated his assigned mortgage to the Pelot mortgage which latter when executed was made subordinante to the $2,000.00 mortgage assigned to complainant.

18

Affirmed.

Ellis, Terrell and Davis, J. J., concur.

Brown and Buford, J. J., dissent.

Brown, J. (dissenting).—By the deed of conveyance from the mortgagor to the holder of the first mortgage and two other persons, the grantees, including the first mortgagee of course, assumed and agreed to pay both the first mortgage and the second mortgage. Aside from the question of merger, and the further question of whether the conveyance from the mortgagor to the first mortgagee operated as an extinguishment and discharge of the mortgage debt, both of which are close and debatable questions, the fact remains that the assignment made by the first mortgagee of the first mortgage, which he had agreed to pay, was made after maturity, and such assignees stepped into the shoes of his assignor. We have held that the assignee of a mortgage has all the rights thereunder that his assignor had, but no greater rights, particularly if the assignment is made after the maturity of the secured debt. Marion Mortgage Company v. Grennan, 106 Fla. 913, 143 So. 761. My view is that when the first mortgagee and two other persons, took title from the mortgagor upon the strength of an assumption to pay both the first mortgage of $2000.00 and the second mortgage of $500.00, if this did not result in the merger or a discharge of the first mortgage debt, it would result in placing both mortgages on a parity so far as the grantees from the mortgage was concerned. They had agreed to pay both mortgages as a part of the purchase price of the property, and by this arrangement J. B. Loeb, the first mortgagee, in effect, agreed to pay his own debt. It is true, that by the deed he became the owner of only an undivided one-third interest in the premises, but by that deed he and his two associates not only agreed to pay the mortgage to himself but

they at the same time assumed the payment of the second mortgage to Charles W. Pelot, and they, nor either of them, could defeat this obligation or its security by assigning the first mortgage to a third party, one Fred B. Loeb, who was the complainant in the court below, who took the assignment with notice of both the first and second mortgages and the deed by which J. B. Loeb and his two associates had taken the property under an obligation to pay both mortgages. Certainly under these circumstances, J. B. Loeb could not have foreclosed his own first mortgage which he had agreed to pay, in such a way as to freeze out the second mortgagee and deprive him of his security. Nor could he accomplish the same result by assignment to a third party who took with record notice of his assignor's obligation to pay said first mortgage, and the second mortgage as well. The assignee would obtain no greater right than his assignor would. We are not concerned here with the question of rights of J. B. Loeb as holder of the first mortgage against two parties who with him, acquired title to the mortgaged premises, and who with him assumed the payment of Loeb's first mortgage and Pelot's second mortgage. The case seems to turn upon the question whether J. B. Loeb, the holder of the first mortgage, could have foreclosed his mortgage as against Charles E. Pelot, the holder of the second mortgage, after J. B. Loeb had assumed the payment of the mortgage on the same property held by Pelot. Having rendered himself liable to Pelot for the full amount of the mortgage which Pelot held, J. B. Loeb could not as against Pelot have foreclosed his alleged first mortgage, and since he could not have done so, neither could his assignee, who took the assignment of the first mortgage after maturity and with notice. See 41 C. J. 773, 780-781. My view is that when a first mortgagee takes title under an instrument

by which he assumes the payment of a junior mortgage, his own first mortgage debt is extinguished and discharged as against the holder of the junior mortgage, and that his assignee, especially after the maturity of the first mortgage, can take no better right. I think, therefore, that the lower court was in error in holding that the $500.00 mortgage of Charles E. Pelot was subordinated to complainant's $2000.00 mortgage, and that the decree appealed from should be reversed.

BUFORD, J., concurs.