**HARRY S. MORRIS and DOROTHY MORRIS, his wife, v. MARIO A. INGRAFFIA.**

18 So. (2nd) 1

May 9, 1944

Rehearing Denied June 2, 1944

January Term, 1944

Division A

*Vincent C. Giblin* and *W. W. Colson, Jr.,* for appellants.

*Ben Shepard,* for appellee.

CHAPMAN, J.:

Involved in this appeal is the sum of $3,000.00, advanced by Mario A. Ingraffia to Harry S. Morris at the time of exe-cution and delivery of a written instrument fixing the terms and conditions of the purchase and sale of described real estate situated in Miami Beach, Florida. The purchase price of the property was $30,000.00. Ingraffia paid $3,000.00 thereof and stipulated to pay the remaining $27,000.00 there-after on February 1, 1942. Morris stipulated to convey a fee simple title to the property by a form of deed prescribed by

statute, clear of all incumbrances, but subject to Zoning Ordinances, restrictions of record, and a 99-year lease on the property.

The controversy here centers around a clause in the 99-year lease which granted the lessee (in the 99-year lease) the option and privilege of purchase of the fee simple title to the demised premises at a time between 10 and 12 years after the date of the 99-year lease at a purchase price determined or fixed by qualified and impartial appraisers of real property. It is contended by Ingraffia that at the time of payment of the $3,000.00 and signing of the purchase and sale agreement with Morris he had no knowledge or information of the option and purchase privilege clause then appearing in the 99-year lease; that he never examined the lease or record but relied exclusively at the time upon the statement of Morris about the 99-year lease; that Morris had been represented to Ingraffia as an honest and dependable business man; that Morris knew, at the time of accepting the $3,000.00, about the option and purchase clause then appearing in the 99-year lease, but failed and otherwise omitted to truthfully advise Ingraffia when accepting from him the sum of $3,000.00 and signing the purchase and sale agreement; that Ingraffia acquired knowledge and information of the option and purchase clause in the 99-year lease and immediately contacted Morris and presented to him the information; that Morris then for the first time admitted the existence of the clause and verbally agreed to obtain a cancellation and expulsion of the objectionable clause; that he made an effort so to do but was unsuccessful.

Appellant contends that the facts fail to disclose a fiduciary or confidential relationship between the parties; that there was not an innocent relationship between the parties; that there was not an innocent misrepresentation as to the purchase and sale option in the 99-year lease; that the vendor did not make to the vendee representations as to the covenants in the 99-year lease; that the 99-year lease was of record when the $3,000.00 was paid and the agreement to sell and purchase was signed; that an abstract of title was submitted to counsel for appellee and it had been examined by

counsel; that an opinion of counsel was in the hands of the appellee when he paid the money and signed the agreement; that appellee had full knowledge and notice of the objectionable clause in the 99-year lease; that appellee could have examined and had the opportunity to know the contents of the 99-year lease by the simple expedient of examining the public records; that the appellee's lack of knowledge of the option to purchase in the 99-year lease was occasioned by or due to his own negligence and not to the misrepresentations of the appellant. Counsel take the position that the controversy here is ruled by Harris v. Zeuch, 103 Fla. 183, 137 So. 135, and similar cases.

It was the view of the chancellor below, and he so held, that our previous enunciation in Harris v. Zeuch, *supra,* and similar cases, was inapplicable to the adduced facts, and, accordingly, decreed a rescission or cancellation of the written instrument entered into between the parties and under which the appellant (defendant below) received the sum of $3,000.00. It was further decreed that the appellant refund the appellee the said sum of $3,000.00, with interest, and the amount was made a lien on the land described, and likewise provided for a judicial sale to satisfy the lien. Appellant appealed.

It is true, as emphasized by counsel for appellant, that the 99-year lease was duly recorded when the purchase and sale agreement was signed and the money paid, and an abstract of title was submitted. The abstract refers to the 99-year lease then on the property, but omitted therefrom was the option and privilege of purchase clause by the lessee of the demised premises within 10 or 12 years after date thereof. This information was acquired after payment of the money and the signing of the purchase and sale agreement. This information was made known to Morris, who agreed to have expunged therefrom the objectionable clause and made an effort so to do, but failed.

Morris told Ingraffia that he owned the property, subject to a 99-year lease, and that it would produce an annual income of $3,000.00 for 99 years. Detailed information was submitted by Morris as to the cost of the hotel and furniture;

the amount of mortgages, taxes, and insurance; and that the 99-year lease would produce' net annually $3,000.00 for 99 years. Morris failed to mention to Ingraffia the option and purchase privilege clause in the lease and the clause was omitted from the abstract submitted to counsel, on which a favorable opinion was based. The real estate broker, Girard, testified that Morris stated to Ingraffia in his office prior to the trade that the outstanding lease was "a straight 99-year lease."

The case of Wheeler v. Baars, 33 Fla. 696, 15 So. 584, involved a common law action to recover for misrepresentation of material facts when Baars bought of Wheeler a steam tug boat and Wheeler represented to Baars prior to the purchase that no liens appeared of record against the property. Baars relied upon the representation as true, but a judgment was then of record. Wheeler contended that Baars could not recover because the law made it the duty of Baars to search the records of Escambia County and not rely upon the representation of Wheeler. We held the contention without merit. See Watson v. Jones, 41 Fla. 241, 25 So. 678; Mizell v. Upchurch, 46 Fla. 443, 35 So. 9; Hinson v. Drummond, 98 Fla. 502, 123 So. 913.

In the case of Columbus Hotel Corp. v. Hotel Management Co., 116 Fla. 464, 156 So. 893, we, in part, said:

'Misrepresentations amounting to fraud that will invalidate a contract must be made by one contracting party to another in reference to a matter affecting the contract. The person to whom it is made must not only believe the false representation to be true, but must be so situated with respect to what is represented that he, at the time, has the right to rely upon the truth of the representation as made. This is so, because the false representation must be material to the contract and must have induced the contract to be made. When dehors the contract, a false representation cannot be said to have induced its making, when it was so made as to carry on its face no right on the part of anyone to rely on its credence. . . ."

Our holdings in the cited cases, *supra,* are in accord with

the weight of authority. Pomeroy's Equity Jurisprudence, Vol. 3 (5th Ed.) 519-20, par. 895, states the rule viz:

". . . *Opportunities for Examination—Constructive Notice.* —The *mere existence of opportunities* for examination, or of sources of information, is not sufficient, even though by means of these opportunities and sources, in the absence of any representation at all, a constructive notice to the party would be inferred; the doctrine of constructive notice does not apply where there has been such a representation of fact. If one party—a vendor, for example—claims that the invalidating effects of his misrepresentations are obviated, and that the purchaser was not misled by them, either because they were concerning patent defects in the subject-matter, or because he, was from the outset acquainted with the real facts, or because he had made inquiry, and had thereby ascertained the truth, the foregoing qualification plainly applies; it is plainly incumbent on the vendor to prove the alleged knowledge of the purchaser by clear and positive evidence, and not to leave it a matter of mere inference or implication; *an opportunity or means of obtaining the knowledge* is not enough."

Counsel for appellant points out that the appellee was: (1) an experienced business man; (2) the parties were strangers; (3) no fiduciary or confidential relationship existed between them; (4) the appellee for sound business reasons seeks to repudiate his agreement; (5) there was no concealment of a material fact. The answer to many of these contentions is found in the testimony of the plaintiff and Mr. Girard, while the appellant's testimony on some of the material points disputes and contradicts the testimony adduced by the appellee.

It is not disputed that Ingraffia was seeking a sound and permanent investment for the benefit of his grand daughter. The option and purchase clause in the 99-year lease certainly would have affected the investment, provided the lessee therein exercised the option to purchase after the expiration of 10 or 12 years. It would not then be a lease for a period of 99 years, but a lease for a period of only 10 or 12 years. The chancellor held the misrepresentation material. We hold.

the law sustains the conclusion of the chancellor below. It is stated that a fact is material when if the representation had *not* been made, the contract or transaction would not have been entered into. Conversely, a representation is not material when it appears that the contract or transaction would have been entered into notwithstanding it. See Williams v. McFadden, 23 Fla. 143, 1 So. 618, 11 Am. St. Rep. 345; Pomeroy's Equity Jurisprudence, Vol. 3 (5th ed.) 532-4, par. 898.

The testimony and exhibits adduced by the respective parties appearing in the transcript have been carefully considered. While it is true that the tetsimony given by the plaintiff Ingraffia and Mr. Girard on many of the essential points is contradicted and disputed by the testimony of the appellee (defendant below), we find in the record an abundance of testimony to sustain the findings and conclusions of fact as made by the chancellor below and expressed in the final decree. We are unable to say that the wrong principles of law were applied to the controversy by the lower court. We fail to find error in the record and the decree of the court below is hereby affirmed.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.