**VISTA McCULLERS JOINER and ALTON G. McCULLERS v. CARSON McCULLERS, LIZZIE McCULLERS SUMMERS, joined by her husband P. V. SUMMERS: CLELLIE McCULLERS BURNSED, joined by her husband, J. P. BURNSED, MARY ELIZABETH CREWS joined by her husband, E. W. CREWS.**

28 So. (2nd) 823                           January Term, 1947
January 28, 1947                           Special Division A
Rehearing Denied February 10, 1947

*J. L. Blackwell,* for appellants.

*Davis. Davis & McClure* and *J. W. Bryson,* for appellees.

BUFORD, J.:

Appellants were Executor and Executrix of the estate of J. H. McCullers who died on June 23rd, 1944, and were Trustees as to a part of the property under a provision of the will which read as follows:

"Third, All my real estate shall be held in trust by the Executor above named until it can be sold at a fair price, which must be agreed to by a majority of my children then living, including Mary Elizabeth McCullers as one of my children, or they may agree on a division at values fixed by the heirs."

The property was located in Suwannee County, Florida. A. G. McCullers resided in Suwanne County and was familiar with the property. All the other parties were non-residents of Suwanne County, and it is alleged and proved that none of the appellees were familiar with the real estate involved or had any knowledge of its value.

Soon after the death of J. H. McCullers the Executor and Executrix and Trustees under the terms of the will, through A. C. McCullers, acting for himself and his co-trustee, proposed to buy the undivided interest of the other beneficiaries (appellees here) in two certain forty acre tracts of the lands and other property bequeathed under the will, and represented to the appellees that the land was worth not more than ten dollars per acre and that there was not any timber on the land. The appellees, relying on the representation of J. H. McCullers and having absolute confidence in his integrity and loyalty to the trust reposed in him by the terms of the will, accepted the offer of the appellants and jointly conveyed the said two forties of land to the appellants for and at a consideration of ten dollars per acre, and included in said deed other property. It is next shown that at the time of this transaction each of the forty acre tracts of land was actually worth approximately two thousand dollars because of val-

uable timber standing on said land. It is also shown that prior to the institution of this suit appellants sold the timber on one of the forty acre tracts for $1,800.00.

On August 31st, 1945 appellees filed suit in Suwannee County to cancel the deed made by them on the 1st day of August, 1944, and for an accounting to the appellees by the appellants for their pro-rata part of the sale price of the timber and offered to do equity by returning to appellants the purchase price paid for the property conveyed by the deed of August 1st 1944.

After answers were filed and testimony taken as adduced by the respective parties, the Chancellor adjudged and decreed:

"1. The equities of this cause are with the plaintiffs. They are entitled to maintain this suit and this court has jurisdiction of the subject matter and the parties thereto.

"2. The deed of the plaintiffs to the defendants dated the 1st day of August, 1944, and recorded in Deed Book 49, page 35-7 of the public records of Suwannee County, Florida, a copy of said deed being annexed to the plaintiffs' bill of complaint and made a part thereof, be and the same is hereby set aside, cancelled, annulled, and held to be absolutely void, and that such cancellation be noted on the margin of the record of said deed by the Clerk of the Circuit Court of Suwannee County, Florida, upon restitution to the defendants by the plaintiffs of the sum of $3565.76 with interest thereon at the rate of eight (8) per cent per annum from August 1, 1944, less the sum of $1,800.00 with legal interest thereon from the date of the timber conveyance by the defendants to Drew Land and such sums as may have been paid on the securities mentioned in the said deed of August 1, 1944, with legal interest thereon from the dates of such payments, and that the defendants transfer and deliver to the plaintiffs an undivided four-sixths (4/6) interest in the property described in the said deed of August 1, 1944."

From this decree appeal has been perfected for review by this court.

In Wheeler v. Baars, 33 Fla. 696, 15 Sou. 584, we held:

"A false representation of a material fact, made with

knowledge of its falsity, to a person ignorant thereof, with intention that it shall be acted upon, followed by reliance upon and by action thereon amounting to substantial change of position, is a fraud of which the law will take cognizance.

"2. The knowledge, by the maker of the representation, of its falsity, or, in technical phrase, the *scienter,* can be established by either one of the three following phrases of proof:    (1) That the representation was made with actual knowledge of its falsity; (2) without knowledge either of its truth or falsity; (3) under circumstances in which the person making ·it ought to have known, if he did not know, of its falsity.   Under the first phase the proof must show actual knowledge of the falsity of the representation.   Under the second phase it should show that the representation was made in such absolute, unqualified, and positive terms as to imply that the party making it *had knowledge* of its truth, and that he made such absolute unqualified and positive assertion on a subject of which he was ignorant, and that he had no knowledge whether his assertion in reference thereto was true or false.   Under the third phase the proof should show that the party occupied such a special situation or possessed such means of knowledge as made it his *duty* to know as to the truth or falsity of the representation made.   If the proof establishes either one of these three phases, the *scienter* is sufficiently made out."

To the same effect is Hinson v. Drummond, 98 Fla. 502, 123 Sou. 913.  See also 12 R. C. L. 283, et seq.

In 12 R.C.L. 319-320, Sec. 80; it is said:

"The rule that fraud cannot be predicated of a 'failure to disclose facts where the information is as accessible to one party as to the other, and the truth may be ascertained by the exercise of reasonable diligence, does not justify a resort to active deceit or fraud, and hence, does not apply where a party in addition to non-disclosure uses any artifice to throw the other party off his guard and to lull him into a false security.   Therefore, each party to the contract must take care not to say or do anything tending to impose upon the other. The concealment becomes a fraud where it is effected by misleading and deceptive talk, acts or conduct, or is accompanied

by misrepresentations, or where in addition to a party's silence there is any statement, word or act on his part which tends affirmatively to a suppression of the truth, or to a covering up or disguising of the truth, or to a withdrawal or distraction of a party's attention from the real facts; then the line is overstepped and the concealment becomes a fraud."

There was some conflict in the evidence that the Chancellor has resolved these conflicts in favor of the appellees and we are not warranted in substituting our views if the same should not accord with his.

No reversible error being made to appear, the decree is affirmed.

So ordered.

THOMAS, C.J., TERRELL and ADAMS, JJ., concur.