PEARSON, Judge.
Plaintiffs-appellants appeal from a summary final judgment for the defendant in an action for personal injuries alleged to have been occasioned by the negligence of defendant’s agent, servant, or employee. There is no substantial conflict between the parties as to the evidentiary facts which were before the court at the time of the entry of the summary final judgment. The defendant-appellee has summarized these facts as follows:
“That the appellee owned and operated a restaurant known as the Hickory House located at 2332 Liberty Avenue, Miami Beach, Florida.
“That there was a defective condition'in the public street just off the sidewalk curb; that this defect consisted of a depression or hole in said street.
“That the appellants had dinner in appellee’s restaurant on January 22, 1955, from six to seven-thirty o’clock p. m.
“That appellants may have given her car to the parking attendant before entering the restaurant and that the attendant delivered it to her husband and herself when they left the restaurant.
“That the attendant, in delivering the car, parked it in such a manner that it might have been necessary to traverse some part of the public street, and that *844 in that part of the public street there was a hole.
“That at seven-thirty o’clock p. m., on January 22, 1955, it was nighttime.
“That on the date and time above mentioned the appellant, Mabelle A. Van Engers, fell in the public street between the sidewalk and her car and .sustained injuries to her person.
"‘That the parking attendant knew of the existence of the hole but did not warn the appellant.
■ “That the parking attendant had the parking concession at the restaurant since September, 1954.”
Paragraph numbered eight of the complaint alleges active negligence upon the part of the defendant as well as a negligent failure to warn plaintiff of a known danger. It could reasonably be argued that the duty to warn a business invitee of a dangerous condition does not include conditions outside of the defendant’s premises. However, it is not necessary to pass upon that question in this case, since we conclude that there was a genuine issue as to the material question of the agency or relationship to the defendant of the parking attendant. One is not relieved from the consequences of the negligent acts of one’s agent, servant or employee performed within the scope and course of his agency, service or employment simply because the acts occur outside one’s premises. If it should be determined upon trial or further proceedings that the parking attendant was the agent, servant or employee of the defendant, then it would follow that the defendant could be liable if the negligent action of the agent, servant or employee is proved.
Upon the critical question of the authority of the parking attendant to act for the defendant, restaurant, the important inquiry will deal with the apparent scope of his authority as viewed from the standpoint of patrons of the restaurant. Stuyvesant Corp. v. Stahl, Fla.1952, 62 So.2d 18; and cases cited therein; see Restatement, Agency § 266 (1933). The facts admitted in the pleadings, interrogatories and depositions do not conclusively preclude a jury of reasonable men from finding that the parking lot attendant acted negligently within the scope and course of an agency, service or employment of the defendant.
Reversed for further proceedings.
CARROLL, CHAS. C. J., and HORTON, J., concur.