238 So.2d 671 (1970)
Esther Cassel TIPPETT, Appellant,
v.
Cidell FRANK, Appellee.
No. 69-1032.
District Court of Appeal of Florida, Third District.
August 18, 1970.
*672 David F. Cerf, Jr., and Robert C. Birmelin, Miami, for appellant.
Melvyn Trute, Herman Cohen and Marvin M. Green, Miami, for appellee.
Before PEARSON, C.J., and CHARLES CARROLL, J., and BALABAN, HENRY L., Associate Judge.
BALABAN, HENRY L., Associate Judge.
Appellant, a mortgagee, seeks review of a summary judgment entered against her in a mortgage foreclosure action. Appellant and the mortgagor (not a party to the appeal) were defendants below. The appellee was plaintiff below and also a mortgagee.
The complaint herein alleged that defendant, TIPPETT, "may claim some interest in the mortgaged property by virtue of a second mortgage assigned to said defendant." The record discloses that the mortgages held by appellant and appellee were executed on the same day, February 4, 1964. The mortgage held by appellant, however, contained the following language:
"Subject to a certain First Mortgage in the sum of Four Thousand Five Hundred Dollars ($4,500.00) held by CIDELL FRANK, bearing date, February 4, 1964."
Appellant contends, notwithstanding the above quoted recital, that her mortgage was superior since it was recorded first. We do not agree. This recital was binding on the appellant, thus making her mortgage inferior. Pelot v. Loeb, 119 Fla. 15, 160 So. 525; Herring v. Fitts, 43 Fla. 54, 30 So. 804.
Subsequent to the execution of the mortgages in controversy, appellant, appellee and the mortgagor executed a "Modification of Mortgage and Subordination Agreement" authorizing appellee to lend an additional sum of money to the mortgagor. The subordination agreement provided, in part:
"2. The Second Mortgagee is fully aware and conversant with the fact that the First Mortgagee is lending an additional sum of money to the Mortgagor whereby the indebtedness due the first Mortgagee is being increased to the principal sum of $4,500.00, as hereinabove stated, and the Second Mortgagee, by these presents, hereby consents to subordinate the lien and operation of her second mortgage to that of the First Mortgagee's encumbrance just as though the aforesaid first mortgage, as modified hereby, were executed prior to the time that the mortgage in favor of the Second Mortgagee were signed, and the Second Mortgagee consents to the fact that she will, at all times, be second and inferior to the lien and operation of the first mortgage hereinabove referred to."
Appellant, in her answer, admitted signing the subordination agreement and affirmatively alleged that the appellee requested that appellant "allow" appellee "to loan the mortgagor more money to repair the property" and "asked" appellant "to come to the office" of appellee's attorney and "sign a loan agreement". Appellant further alleged that her execution of the subordination agreement was fraudulently induced by appellee's representation that appellant's rights under her mortgage would not be affected in any way.
This Court quite recently stated that fraud cases are not ordinarily the proper subject of summary judgment. Bryant v. *673 Small, Fla.App. 1970, 236 So.2d 150. Appellee did not test the sufficiency of appellant's defense of fraud by proper motion, but instead, filed a motion for summary judgment. Notwithstanding appellee's failure to test the sufficiency of appellant's defense allegations of fraud in the lower court, we cannot ignore that point now. Reyes v. Zbin, Fla.App. 1968, 217 So.2d 150.
The essentials of actionable fraud are generally the same for setting it up as a defense as for asserting it as the basis of an action for damages. 37 Am.Jur.2d, Fraud and Deceit, Sec. 340, pp. 456, 457. The elements of actionable fraud have been set out in several decisions of our Supreme Court and District Courts of Appeal and need not be repeated here.[1]
Appellant's allegations of fraud in her answer were legally insufficient. The appellant did not allege any facts in her answer or present any facts in her affidavit in opposition to appellee's motion for summary judgment to show that she justifiably relied upon appellee's alleged fraudulent representation or that any injury resulted therefrom. To assert a good and sufficient defense such allegations are essential and prerequisite. "It is well settled in this state that the mere false and fraudulent misrepresentations of one to another is not a sufficient basis for relief in equity unless it is alleged and proved that the person seeking relief believed and relied upon such representations to his detriment." (Emphasis supplied.) Bibb v. Bickford, Fla.App. 1963, 149 So.2d 592, 594.
Where the defendant's defenses are limited to one or more affirmative defenses and there is no triable issue of fact as to any of the affirmative defenses, or they are all legally insufficient, then the case is ripe for summary adjudication in accordance with applicable principles of substantive law. 6 Moore's Federal Practice, 2d ed., par. 56.17(4), p. 2491.
The Court has considered the other points raised by appellant and finds them to be without merit.
Affirmed.
NOTES
[1] Kutner v. Kalish, Fla.App. 1965, 173 So.2d 763; Joiner v. McCullers, 158 Fla. 562 28 So.2d 823 (1947); Watson v. Jones, 41 Fla. 241, 25 So. 678 (1899).