281 So.2d 367 (1973)
Alfred MART and Adelaide Mart, His Wife, Appellants,
v.
Joseph LEIBMAN, Appellee.
No. 72-1275.
District Court of Appeal of Florida, Third District.
August 21, 1973.
Shalle Stephen Fine, Miami, for appellants.
Bakerman, Shapiro & Marcus, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
PER CURIAM.
The appellants were defendants in an action to foreclose a trust deed on real property. Their defense was that the whole transaction was usurious because it had its inception in a usurious loan which the appellee and another made to the defendant, Alfred Mart. The trial court, in its final judgment, found against the defendants upon the issue of an alleged usurious transaction. On this appeal, the single question presented is, "Can the final judgment in this cause be sustained against the appellants' claim of usury in the transaction?" In essence, appellants' argument is that the trial judge misconceived the legal effect of the evidence before him. In other words, the appellants contend that the evidence of a usurious transaction was so clear that a finding that it did not exist is not supportable by competent evidence. Our review of the record convinces us that the manner in which the transactions were handled was sufficient to raise a suspicion of usury, but that appellant's testimony as defendant was so vague and indefinite and in fact contradictory, that the record will support a finding upon the conflicting evidence that usury was not proved. As was stated in In re Estate of Hobein, Fla.App. 1970, 238 So.2d 497:
* * * * * *
"It is also fundamental that an order of a ... court rendered in the exercise of its lawful discretion is clothed with a presumption of correctness, and will be disturbed on appeal only upon a clear showing that it is contrary to the manifest weight of the evidence, the burden being on the appellant to make error clearly appear."
* * * * * *
Accordingly, the judgment appealed is affirmed.
Affirmed.