310 So.2d 316 (1975)
Anna OSTREYKO and Helen Hamel, a/K/a Helen Ostreyko, Appellants,
v.
The B.C. MORTON ORGANIZATION, INC., Appellee.
No. 74-895.
District Court of Appeal of Florida, Third District.
March 25, 1975.
Rehearing Denied April 22, 1975.
*317 Ullman, Kimler & Entin, Miami, for appellants.
Kelly, Black, Black & Kenny and Brian P. Patchen, Miami, for appellee.
Before PEARSON and HENDRY, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
This is an appeal by the plaintiffs in the trial court from a final judgment in favor of the defendant. We affirm.
The plaintiffs sued the defendant on a complaint alleging negligent misrepresentation.
During a non-jury trial, the evidence showed that the plaintiffs placed two checks with the defendant in order to open two savings accounts in an out-of-state savings and loan institution offering higher interest rates than those rates offered locally.
One check, in the amount of $9,000, was used to open an account in the Gibraltar Savings and Loan Association, located in Phoenix, Arizona, in the name of Anna Ostreyko or Helen Ostreyko.
The second check for $8,000 was used to open another account in the same institution in the name of Anna Ostreyko or Helen Hamel.
Helen Hamel and Helen Ostreyko are the married and maiden names of the same person (a single plaintiff in this action). The plaintiff Anna Ostreyko is the plaintiff Helen Hamel's (a/k/a Helen Ostreyko) mother.
The plaintiffs alleged that agents of the defendant represented to them  specifically to Mrs. Hamel (Ostreyko)  that each account which they opened would be insured up to a maximum of $10,000.
The defendant's agents testified, and denied that they made such a representation. They maintained that the defendant company had fully indoctrinated them that a savings account would be insured by the Federal Deposit Insurance Corporation (F.D.I.C.) or the Federal Savings and Loan Insurance Corporation (F.S.L.I.C.) only up to $10,000 per person (or persons).
As events turned out, shortly after the plaintiffs had placed their savings through the defendant in the Arizona savings and loan association, the Gibraltar Savings and Loan foundered.
The plaintiffs were notified subsequently by Gibraltar's receiver that their money was insured only up to $10,000. The plaintiffs *318 commenced this action almost four years after learning this fact.
They seek to recover the difference between the insured money and the uninsured money placed into their accounts,[1] plus the interest which they would have received on their investment.
On appeal, the plaintiffs' sole point is that the trial court should be reversed because it erred in entering a final judgment in favor of the defendant.
In their argument, however, appellants assume that the court based the final judgment upon the fact that they were barred by the statute of limitations [Fla. Stat. § 95.11(5)(d)] in that they did not file this lawsuit, based on fraud, within the three-year time limitation provided for in the statute.
Our reading of the final judgment shows that it is not susceptible to the interpretation that this ground alone formed the basis of the trial court's ruling.
In addition, a careful review of the transcript of the trial testimony reinforces the impression that the trial court as the finder of fact properly could have found favorably for the defendant.
It is fundamental that this court will sustain the findings of the trial court which resolve conflicting evidence unless the court's determinations are clearly erroneous. E.g., Morrison v. Smith, Fla.App. 1972, 257 So.2d 623; Mart v. Leibman, Fla.App. 1973, 281 So.2d 367.
The record before us reveals testimony by the plaintiff, Mrs. Hamel (Ostreyko), that she had handled the family finances for some twenty years; that she had opened 24 different savings accounts during that period most of which were joint accounts with members of her family; and that she had done business for some time with another local agency which also placed her money in savings accounts.
Further, Mrs. Hamel testified that it was her understanding during this time that each of her savings accounts were insured up to $10,000, and there was no $10,000 limit per person (or persons).
From our examination of the record, we believe the court could have determined properly that Mrs. Hamel's mistaken belief was not prompted by a misrepresentation by the defendant, nor could she reasonably rely upon such an alleged representation.
Assuming that the appellants are correct in arguing that the judgment is based upon the statute of limitations, we hold that the judgment also may be sustained on that basis.
In this state, a negligent misrepresentation is considered tantamount to actionable fraud. See, Watson v. Jones, 1899, 41 Fla. 241, 25 So. 678; Joiner v. McCullers, 1947, 158 Fla. 562, 28 So.2d 823; Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172 (5th Cir.1968); Emerson Electric Co. v. Farmer, 427 F.2d 1082 (5th Cir.1970).
Therefore, we think the three-year statute of limitations would be applicable to the circumstances of this case, and the plaintiffs' suit would be barred.
Accordingly, the judgment appealed is affirmed.
Affirmed.
NOTES
[1] On the date of the trial, March 25, 1974, the plaintiffs had received distributions from the receiver for the Gibraltar Savings and Loan Association which actually left them only $1,400 short of the original $17,000 which they had placed into the two savings accounts.