DANIEL S. PEARSON, Judge,
dissenting.
This is an appeal by Lynch from an adverse judgment in his action for damages arising from Cullen’s alleged misrepresentation that certain property in the immediate area of the lot being purchased by Lynch was a community beach dedicated for public use. I can only speculate that the basis for the affirmance of this judgment is that the majority has concluded that there is evidence in the record of this non-jury trial which, if believed, supports it. But the majority well knows that the trial judge — as finder of fact — expressly based his judgment on the singular finding that Cullen’s alleged misrepresentation to Lynch was not material. Indeed, the judgment says:
“This case turns, however, on a much more basic point — i.e., whether the alleged misrepresentation was ‘material’. If the parties (and specifically the buyer) did not view the community beach issue as ‘material’ to the terms of the contract, it cannot form the basis of the reformation which Lynch now seeks — whether or not a misrepresentation was made.”
The judge had earlier suggested — admittedly without deciding — that a knowing false representation was made by Cullen or her agents and that Lynch relied on the representation and was damaged by it. But because Lynch acknowledged that his discovery of the misrepresentation did not move him to seek rescission of the purchase, but instead moved him to seek damages for having paid an allegedly higher purchase price for the property, the trial judge concluded that the misrepresentation was not material.
*210 The trial judge was driven to this conclusion by his unquestioning acceptance of the following syllogism from Morris v. Ingraffia, 154 Fla. 432, 437, 18 So.2d 1, 3 (1944): “[A] fact is material when if the representation had not been made, the contract or transaction would not have been entered into. Conversely, a representation is not material when it appears that the contract or transaction would have been entered into notwithstanding it.” The stated converse is true, however, only if accompanied by a finding that the buyer either actually knew of the misrepresentation before entering into the contract or, if not, would have entered into the same contract at the same purchase price, regardless of the misrepresentation. In these situations, it can be said that the misrepresentation is not material to the contract. But where, as here, the trial judge has suggested — and certainly has not found to the contrary— that the buyer reasonably relied on the misrepresentation in entering into the contract, the judge cannot then conclude, using the syllogism in Morris, that — because the buyer stands by his contract and seeks damages for the reduction of the property’s value rather than rescission — the misrepresentation was not material.
The correct principle — and the one that the trial judge should have applied — is that a fact which materially affects the value of the property is material. Johnson v. Davis, 480 So.2d 625, 629 (Fla.1985). By seeking damages, Lynch is simply saying that although he would have purchased the property even if he had known of the misrepresentation, he would not have purchased it at the price paid.
I would reverse the judgment under review and remand the cause for a new trial.[1]

. Ordinarily, I would have suggested a remand with directions to the trial judge to decide the issues which he avoided deciding when he made his erroneous "not material" finding. However, the trial judge who heard the case has resigned from the bench and, accordingly, the matter requires a new trial.