# CIRCUIT COURT OF THE CITY OF NORFOLK

Kevin L. Seldon

v.

Edward N. Klaput

June 25, 1998

Case No. (Chancery) 97-1378

BY JUDGE JOHN C. MORRISON, JR.

This action involves a dispute between the parties over the priority of two deeds of trust recorded simultaneously on December 4, 1996. While both deeds of trust cover the same property located at 2709 Colonial Avenue in Norfolk, Virginia, each instrument was given to different grantees, i.e. Seldon and Klaput. The deed of trust given to Klaput contains a clause subjecting the property to the deed of trust given to Seldon (hereinafter the "Klaput Deed of Trust" and "Seldon Deed of Trust" respectively).

After giving careful consideration to the memoranda and arguments of counsel and the authorities provided, the court declares that the Seldon Deed of Trust has priority over the Klaput Deed of Trust. Furthermore, the court is of the opinion that the subordination clause contained in the Klaput Deed of Trust is valid and enforceable.

The Klaput Deed of Trust was executed on December 4, 1996, by McEntee Realty, Inc. (grantor) to John C. Lumpkin, Trustee for Edward N. Klaput (grantee), securing a loan in the amount of $10,000.00, payable on June 4, 1997. Also on December 4, 1996, McEntee Realty, Inc. (grantor) executed the Seldon Deed of Trust to John C. Lumpkin, Trustee for Kevin L. Seldon (grantee), securing a loan in the amount of $26,000.00, payable on April 4, 1997.

Both deeds of trusts were presented to the Clerk's Office in Norfolk for recordation on December 4, 1996. The Klaput Deed of Trust was recorded in Deed Book 2854 at pages 702-704. The Seldon Deed of Trust was recorded immediately thereafter in Deed Book 2854 at pages 705-707.

On November 6, 1997, the aforesaid property was sold at public auction. Pursuant to an order entered by The Honorable Everett A. Martin, Jr., of this court, the net proceeds of the sale are being held in escrow until the present dispute is resolved. Before the court is Mr. Seldon's petition for declaratory judgment.

## Priority of the Deeds of Trust

Klaput claims that his deed of trust has priority over the Seldon Deed of Trust because it was recorded first. This argument is based on the "first in time, first in right" doctrine found in Virginia Code § 55-96. *See In re Shirley*, 128 Bankr. 724 (W.D. Va. 1991). Klaput asserts the priority of his deed of trust based on the fact that it was presented first to the Clerk of Court for recording and submits to the court that Virginia Code § 55-101 "contemplates documents recorded as presented, not documents recorded sequentially in error." Neither position addresses correctly the priority issue in this action. In fact, Klaput's argument is groundless and unsupported by existing law.

Generally, a recorded deed takes priority over any subsequently-recorded instrument on the same property. *See* Va. Code § 55-96. In a case where two or more writings are admitted to record on the same day, "the instrument number shall determine the writing that was first admitted to record ... [and] shall have priority in respect to the property ... ." Va. Code § 55-101.

While § 55-101 contemplates a situation in which two or more writings are filed for record at different times on the same day, the statute does *not* consider the situation presented before the court, in which two writings are filed for record *at the same time*. Notwithstanding the fact that one writing is necessarily recorded first, neither should have priority over the other. In effect, the recorded instruments would be equal liens on the encumbered property, and the mere order in which they are recorded and indexed will not control priority. *See Tippett v. Frank*, 238 So. 2d 671, 672 (Fla. Dist. Ct. App. 1970); *Naylor v. Throckmorton*, 34 Va. (7 Leigh) 98 (1836).

The *Naylor* case is the only Virginia case which speaks on the priority of instruments recorded at the same time.[1] In *Naylor*, three mortgages were successively executed by the same person on the same property at the same time, and in the same order they were handed to the clerk for record. There being no agreement of the parties whether one mortgage should have a preference, or not, over the others, the Virginia Supreme Court held that the mortgage *first* executed was entitled to priority. *Id.* (construing 1 Va. Rev. Code, ch. 99, § 12).

The *Tippett* case is one directly on point with the action at bar. In *Tippett*, the plaintiff asserted the priority of a first mortgage over a second mortgage. The plaintiff was the mortgagee in the first mortgage; the defendant was the mortgagee in the second mortgage. While both mortgages had been executed on the same day, the second mortgage was recorded first. On this basis the defendant claimed priority over the first mortgage, notwithstanding the following recital in the second mortgage:

> Subject to a certain First Mortgage in the sum of Four Thousand Five Hundred Dollars ($4,500.00) held by Cidell Frank, bearing date, February 4, 1964.

The Florida District Court of Appeals affirmed the lower court's ruling, concluding that the subordinating language contained in the second mortgage was binding on the defendant, thus giving priority to the first mortgage. *See Tippett v. Frank*, 238 So. 2d 671, 672 (Fla. Dist. Ct. App. 1970).

As in *Naylor* and *Tippett*, the Klaput Deed of Trust and Seldon Deed of Trust were executed on the same day. Both instruments, like those in *Naylor*, were recorded at the same time in the clerk's office. Notwithstanding the following language contained in his deed of trust, Klaput claims that his deed of trust has priority over the Seldon Deed of Trust:

> This conveyance is made expressly subject to a prior deed of trust dated December 4, 1996, to be recorded simultaneously herewith in the Clerk's Office of the Circuit Court of the City of Norfolk, Virginia, made by McEntee Realty, Inc., a Virginia Corp., to John C.

---

[1] The court construed Va. Rev. Code, ch. 99, § 12, which was Virginia's recording statute in 1836. In relevant part, the statute read: "That, if two or more deeds embracing the same property, after having been so acknowledged, proved or certified, be delivered to the clerk, to be recorded on the same day, that which was first sealed and delivered, shall have preference in law."

Lumpkin, Trustee(s), to secure to Kevin L. Seldon, a note in the original amount of $26,000.00.

Accordingly, this court binds Klaput by this recital, thus making his deed of trust inferior to that of Seldon.

A "subordination clause should be interpreted by an examination of the face of the trust instrument." *First Funding Corp. v. Birge*, 220 Va. 326, 333 (1979). Absent any ambiguity in the language of the deeds of trust before the court, the court applies the plain meaning rule. *See Yeskolski v. Crosby*, 253 Va. 148, 153 (1997). Certainly, the Klaput Deed of Trust acknowledged the existence of a prior deed of trust, the Seldon Deed of Trust. Giving effect to the plain and ordinary meaning of the language used in the Klaput Deed of Trust, the court concludes that the Seldon Deed of Trust was executed first. Under the *Naylor* case, the Seldon Deed of Trust has priority over the Klaput Deed of Trust.

The court finds further support in the *Restatement (Third) of Property* which states:

> While it seems widely assumed that order of recording will establish priority, a literal application of the recording acts would call this assumption into question. Most recording acts protect only subsequent purchasers without notice, and in the usual case involving the creation of two mortgages in the same transaction, each party is fully aware of the other's existence and the rights the other is acquiring. Hence, neither is "without notice." Nonetheless, where the evidence shows that the parties employed a particular order of recording as a means of establishing priority, it is entirely appropriate for a court to treat the recording order as evidence of the parties' intent and adopt the priority thus indicated. On the other hand, *it is inappropriate for a court to follow the order of recording if the parties' contract or other evidence shows that it contradicts the parties' intentions as to priority, or that the recording order was inadvertent, was contrary to the parties' instructions, or was regarded by them as insignificant.*

§ 7.7, cmt. a (1997) (emphasis added). It appearing that priority over the Klaput Deed of Trust was created as part of the same transaction, the court declares it so.

## Validity of Subordination Clause

Klaput claims he neither knew about the subordination clause contained in Exhibit "A" of his deed of trust nor consented to subordinating his interest to Seldon. On this basis, Klaput argues that mutual assent and consideration are lacking to support the purported subordination agreement and urges the court to follow the Virginia Supreme Court's decision in *Ashmore v. Morewitz, Inc.* 252 Va. 141 (1996) (declaring subordination agreement signed under false representations as voidable).

"[P]arties to [a] deed of trust are contractually bound by its provisions." *In re Smith,* 99 Bankr. 724 (W.D. Va. 1989). After considering all the evidence, the court construes the deed of trust according to its terms and concludes that the subordination clause in the Klaput Deed of Trust is valid and enforceable. Without more evidence to support Klaput's contention that he did not know of nor consent to the subordination clause, his position is legally insufficient. It is the court's opinion that the equities in this matter are in favor of Seldon.

Ms. Yeskolski is requested to prepare an Order consistent with the court's ruling, establishing the priority of the two deeds of trust and releasing to Mr. Seldon the proceeds held in escrow.