777 So.2d 1144 (2001)
Claude WARD, Appellant,
v.
ATLANTIC SECURITY BANK, Appellee.
No. 3D00-1808.
District Court of Appeal of Florida, Third District.
February 14, 2001.
*1145 Gilbride, Heller & Brown and Dyanne E. Feinberg, Miami, for appellant.
Holland & Knight and Lucinda A. Hofmann and Vivian Rodriguez-Riveiro, Miami, for appellee.
Before LEVY, FLETCHER, and RAMIREZ, JJ.
LEVY, Judge.
Claude Ward ("Stockholder") appeals an Order entered in favor of Atlantic Security Bank ("Bank") wherein the trial court granted Summary Judgment on Stockholder's claims for common law fraud, securities fraud under the Florida Securities and Investor Protection Act and breach of fiduciary duty. For the following reasons, we reverse the entry of Summary Judgment on all three claims.
Between 1993 and 1994, Stockholder purchased 24 shares of the Atlantic Peru Equity Fund ("APEF") from Bank. Stockholder's investment totaled $879,000. This was a non-discretionary account whereby Stockholder maintained the authority to decide whether to buy, sell or retain his shares of APEF. In August of 1995, Stockholder claims that he placed an oral order to sell all 24 of his APEF shares. Stockholder's sell order was not executed by Bank. Instead, five days later a Bank representative called Stockholder and convinced him not to sell the APEF shares, allegedly by advising him that Bank had a positive outlook on the fund and that the shares would continue to be an attractive investment. Stockholder claims that he relied on the Bank representative's positive advice about APEF and that Stockholder determined not to sell his shares.
In August of 1996, the fund's board decided to liquidate the fund, resulting in a loss of over $300,000 for Stockholder. Stockholder claims he later learned that, at the time he had previously spoken with the Bank representative, Bank had long had knowledge of significant negative information about APEF that pointed to APEF being in financial jeopardy. Thereafter, Stockholder filed a Complaint against Bank alleging common law fraud, securities fraud under section 517.301 and breach of fiduciary duty. After Stockholder and various Bank representatives were deposed, Bank moved for Summary Judgment on the basis that Stockholder had failed to demonstrate that Bank or its representatives had misrepresented or omitted a material fact on which Stockholder could have justifiably based his decision to retain the APEF shares. In opposition to Bank's Motion for Summary Judgment, Stockholder submitted five internal memoranda of Bank that he claimed showed that Bank and its representatives were aware of significant problems with APEF at the time that the Bank representative gave Stockholder investment advice about the fund. Specifically, Stockholder alleged that the internal memorandum demonstrated that Bank and its representative *1146 had knowledge that the fund was illiquid and cash poor, that APEF's largest investor was divesting its shares and that there would no longer be a ready market for the sale of APEF shares. On June 2, 2000, the trial court entered Summary Judgment in favor of Bank on all three counts. This appeal ensued. We will address each claim in the proper order.
First, we find that the trial court erred in entering Summary Judgment on the common law fraud claim. The essential elements of a fraud claim are: (1) a false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the interpretation. See Lance v. Wade, 457 So.2d 1008, 1011 (Fla.1984). Fraud also includes the intentional omission of a material fact. Nessim v. DeLoache, 384 So.2d 1341, 1344 (Fla. 3d DCA 1980). Here, Stockholder has properly alleged common law fraud. Stockholder's fraud allegation is not based on what the Bank representative told Stockholder about APEF's future potential, but about what the Bank representative failed to tell Stockholder about APEF's present condition. Indeed, Stockholder alleges that Bank took the pro-active step of contacting Stockholder in order to stop Stockholder from selling his shares of APEF, and, in doing so, concealed negative information from Stockholder about the fund in order to keep the fund afloat, resulting in a loss of over $300,000 for Stockholder. Resolution of this issue turns on whether the five internal memoranda of Bank can be read in such a way as to support Stockholder's position that Bank and its representatives were aware of significant problems with the fund and that Bank intentionally concealed this information from Stockholder to keep the fund afloat.
Stockholder and Bank are in a fundamental disagreement over the story that these five internal memoranda purport to tell. While we express no opinion as to which "story" is the true, correct version of the chain of events in this case, we do note that, for purposes of the Bank's Motion for Summary Judgment, all reasonable interpretations of the memoranda must be made in a light most favorable to Stockholder. Stockholder argues that these memoranda tell a story wherein Bank is trying to save a struggling fund, which is illiquid and cash poor, has just lost its largest investor and no longer has a ready market for the sale of its shares. In contrast, Bank argues that despite some of the unfavorable content contained in the memoranda, the documents tell a story of APEF's manager and Bank's investment committee remaining optimistic about the fund while regularly assessing the fund's performance and implementing plans to correct or avoid the negatives.
After careful consideration of these five internal memoranda and the record as a whole, we find that Stockholder's version of events is a reasonable possibility and find that Summary Judgment should not have been entered in favor of Bank on the common law fraud claim. There are too many factors which, if read in a light most favorable to Stockholder, create a question for the jury. This Court has held:
The issue of fraud is not ordinarily a proper subject for summary judgment because, being a subtle matter, fraud requires a full explanation of the facts and circumstances of the alleged wrong to permit a determination whether they collectively constitute fraud, and for that reason such determination is seldom one that can be made in a legally sufficient manner without a trial.
Nessim, 384 So.2d at 1344 (citations omitted); see also Rosen v. Zoberg, 680 So.2d 1050 (Fla. 3d DCA 1996).
Second, we find that the trial court erred in entering Summary Judgment on the securities fraud claim under section 517.301 of the Florida Securities Investors Protection Act. Under section *1147 517.301, it is unlawful to engage in fraud "in connection with the offer, sale or purchase of any investment or security." With few exceptions, a securities fraud claim under said act is nearly identical to a securities fraud claim under Rule 10b 5 of the related federal law. See Messer v. E.F. Hutton & Co., 847 F.2d 673, 676 (11th Cir.1988). As this is the case, Florida courts will look to interpretations of the federal securities laws for guidance in interpreting Florida's securities laws. Id. In this regard, various federal courts have held that the mere retention of securities will not satisfy the "in connection with the offer, sale or purchase" requirement found in Rule 10b 5 of the federal law. See Smallwood v. Pearl Brewing Co., 489 F.2d 579, 593 (5th Cir.1974); Marchese v. Nelson, 809 F.Supp. 880, 888 (D.Utah 1993). Here, Bank argues that Stockholder has no securities fraud claim under the Act because he did not sell his APEF shares after talking with the Bank representative; he merely retained them. However, even if that were true, we find that Stockholder still has a securities fraud claim under section 517.301 by virtue of an additional provision.
Unlike its federal counterpart, a securities fraud claim under section 517.301 may also be brought for fraud "in connection with the rendering of any investment advice." Based on the record before us, we find that a jury question exists as to whether the statements made by the Bank representative to Stockholder constituted "investment advice" for purposes of the statute. For all of the reasons previously set forth herein discussing the common law fraud claim, while expressing no opinion as to the merits, we find that Stockholder put forth sufficient evidence to survive Summary Judgment on his securities fraud claim.
Third, we find that the trial court erred in entering Summary Judgment on the breach of fiduciary duty claim. In general, a stockbroker must deal with its clients in good faith and owes them a fiduciary duty of loyalty and care. Gochnauer v. A.G. Edwards & Sons, Inc., 810 F.2d 1042, 1049 (11th Cir.1987). These duties include the following:
(1) the duty to recommend [investments] only after studying it sufficiently to become informed as to its nature, price, and financial prognosis; (2) the duty to perform the customer's orders promptly in a manner best suited to serve the customer's interests; (3) the duty to inform the customer of the risks involved in purchasing or selling a particular security; (4) the duty to refrain from self-dealing ...; (5) the duty not to misrepresent any material fact to the transaction; and (6) the duty to transact business only after receiving approval from the customer.
Id., quoting Leib v. Merrill Lynch, Pierce, Fenner & Smith, 461 F.Supp. 951 (E.D.Mich.1978)(emphasis added). In the instant matter, while Stockholder had a non-discretionary account with Bank and had a long history of making his own investment decisions, it was Bank that failed to sell Stockholder's shares as originally instructed. Moreover, it was Bank that contacted Stockholder on its own initiative and allegedly advised Stockholder not to sell his shares. Under these particular facts and circumstances, we find that Bank owed Stockholder a fiduciary duty of loyalty and care.
Stockholder alleges that Bank breached this fiduciary duty by failing to sell all 24 APEF shares as originally instructed and failing to inform Stockholder that the fund was illiquid and cash poor, that APEF's largest investor was divesting its shares and that there would no longer be a ready market for the sale of APEF shares. As with Stockholder's other claims, while expressing no opinion as to the merits, we find that Summary Judgment should not have been entered on the breach of fiduciary duty claim as there is sufficient evidence in the record to support said claim.
*1148 Accordingly, we reverse the trial court's entry of Summary Judgment in favor of Bank on Stockholder's claims for common law fraud, securities fraud under the Florida Securities and Investor Protection Act and breach of fiduciary duty and remand this cause for trial.
Reversed and Remanded.