141 So.2d 27 (1962)
DIVERSIFIED ENTERPRISES, INC., a Florida corporation, Appellant,
v.
Walter O. WEST, Appellee.
No. 2371.
District Court of Appeal of Florida, Second District.
May 16, 1962.
*28 Edward A. Linney and Donald J. McNevin, St. Petersburg, for appellant.
H. Rex Owen of Bussey, Simmons & Owen, St. Petersburg, for appellee.
KANNER, Judge.
Plaintiff-appellee brought action for recovery upon two promissory notes, each in the principal sum of $10,000 bearing 10% interest from date of maturity, executed and delivered to him by defendant. Two aspects of the usury laws of Florida were considered by the trial judge sitting without a jury, who held that civil and not criminal usury had been established as a defense and allowed recovery upon only one note in its principal sum, with attorneys' fee and costs, but forfeited the interest. This recovery applied to an initial advancement of $10,000 made by plaintiff to defendant.
Defendant-appellant contends on appeal that plaintiff had violated the criminal usury statute, section 687.07, Florida Statutes, F.S.A., rather than the civil usury statute, section 687.04 and could not recover anything in the suit, since the criminal statute provides that both principal and interest shall be forfeited under given circumstances. On the other hand, plaintiff-appellee by cross appeal labels the usury laws inapplicable and declares that judgment should have been entered for him for the face value of the two notes plus interest, court costs, and attorneys' fee.
Plaintiff, an individual of considerable financial resources, had upon several occasions indicated to the president of defendant corporation his willingness to invest in a profitable venture. Subsequently defendant sought to purchase a large parcel of acreage and options but was confronted with the necessity to pay $110,000 as down payment on certain real estate and $10,000 each for three separate options on adjacent properties. Defendant was faced with inadequacy of funds with which to negotiate the transaction, and defendant's president apprised plaintiff of the situation. Plaintiff then furnished defendant the sum of $10,000 prior to December 27, 1957, the date upon which the purchase by defendant was to be consummated. No note, security, nor written acknowledgment of any *29 nature was given defendant at that time, but by oral agreement the $10,000 was to be returned to plaintiff in the event the closing was frustrated.
Meanwhile defendant had been seeking to induce other private investors to assist in providing the funds needed. Despite these efforts, there remained as the time for closing drew near the sum of $30,000 yet to be procured. Plaintiff was approached by defendant's president, advanced to defendant the $30,000 needed, and received from defendant two promissory notes due within one year, each in the amount of $10,000 and bearing interest rate of 10% per annum, together with assignment of one of the three options acquired by defendant for $10,000 apiece. Defendant reserved the right to repurchase this option from plaintiff for the sum of $60,000 at any time within one year from its date but was placed under no obligation to exercise the repurchase stipulation. A year elapsed without defendant's having offered to buy back the option, and plaintiff sold it to a stranger for $60,000. Plaintiff then demanded payment of the two notes. Upon defendant's refusal to comply, the action for recovery ensued.
Defendant urges that both notes had been given plaintiff to secure the initial sum of $10,000, that these notes had been designed to allow plaintiff a return of 100% upon the $10,000 loan, that the furnishing of the additional $30,000 involved another distinct and separate transaction and was solely in consideration of the assignment of the option to plaintiff.
Plaintiff counters that it was necessary to regard the entire arrangement as a whole. His position is that on the day of closing, December 27, 1957, he was led to believe that the option he was to receive would be for a period of 3 1/2 years, adding that it was at the closing that he first discovered the option might have to be exercised within 1 1/2 years. Plaintiff relates that upon learning of this, he expressed an intention to withdraw from the transaction. It was at this point, he says, that the two notes were agreed upon and plaintiff consented to proceed. Plaintiff's version is that the two notes were given him to reduce to $20,000 the amount of risk-capital he would have in the option, and in addition to secure his return of the other $20,000. He further points out that he was precluded from realizing anything upon the option for one year, during which time defendant could seek a purchaser for it without risk on its part, thus leaving only a six-months period within which plaintiff could attempt to sell the option. The $40,000 he declared to have been actually protected only in the amount of the two notes, since any value attributed to the option would be merely speculative. Defendant, he explains, would have been under no compulsion to pay any more than $20,000 to plaintiff in the event the option had turned out to be worthless.
The law of usury is statutory and in Florida is codified in chapter 687, Florida Statutes, F.S.A. Four requisites of a usurious transaction as seen in the cases of Stewart v. Nangle, Fla.App. 1958, 103 So.2d 649 and Clark v. Grey, 1931, 101 Fla. 1058, 132 So. 832, are: (1) that such transaction must be a loan, expressed or implied; (2) that an understanding must exist between the parties that the money lent shall be returned; (3) that for such loan, a greater rate of interest than is allowed by law shall be paid or agreed to be paid as the case may be; and (4) that there must exist a corrupt intention to take more than the legal rate for the use of the money loaned.
Usury is an affirmative defense and must be properly pleaded by a defendant. American National Growers Corporation v. Harris, Fla.App. 1960, 120 So.2d 212. A defendant alleging usury as an affirmative defense, in order to avoid or defeat an obligation to pay money, must establish his charge by clear and satisfactory evidence. Cutri Enterprises, Inc., v. Pan American Bank of Miami, Fla.App. *30 1959, 115 So.2d 592; Shaffran v. Holness, Fla.App. 1958, 102 So.2d 35; and 33 Fla. Jur., Usury, section 58, page 339. For the defense of usury to be established, the circumstances surrounding the entire agreement must be proved, and they must be carefully scrutinized by the court. Griffin v. Kelly, Fla. 1957, 92 So.2d 515. The Griffin case quotes with approval a statement by Corbin in his work on contracts which in substance declares that the only difference between a lawful transaction and one that is usurious and unlawful is on many occasions to be found in the intentions and purposes of the parties. This difference is described as being that between good faith and bad faith. See 6 Corbin on Contracts, section 1501, page 946.
Where a contract is contradictory, obscure, or ambiguous, or where its meaning is doubtful so that it is susceptible of more than one construction, the courts will give a reasonable interpretation to it wherever possible or one which makes it fair, customary, and of the sort which a prudent man would naturally exercise. See Morton v. Ansin, Fla.App. 1961, 129 So.2d 177; James v. Gulf Life Ins. Co., Fla. 1953, 66 So.2d 62. Further, the assumption is that a contract is made for and will accomplish only lawful purposes; and no strained or unusual meaning will be attributed to it so as to render it unlawful. See Stewart v. Stearns & Culver Lumber Co., 1908, 56 Fla. 570, 48 So. 19, 24 L.R.A., N.S., 649. See also 7 Fla.Jur., Contracts, sections 84 through 86, pages 150 through 152.
Plaintiff sought judgment on two promissory notes for $10,000 each; yet the trial judge permitted recovery upon one note, forfeiting interest on it, and disallowed recovery on the other note. Under the issue created by the pleadings, however, if the evidence has proved usury, then it could be only criminal and not, as decided by the trial judge, civil usury, for to require payment of $20,000 with interest on an asserted loan of $10,000 would contravene the criminal usury prohibition.
Defendant, while contending that the first $10,000 received from plaintiff carries the taint of usury, makes no such contention as to the $30,000; nor does it contend that the acquisition of the option by plaintiff was not legitimate. While it is defendant's position that the two notes were given to secure the sum of $10,000 and that this of itself constituted a distinct transaction from that involving the $30,000 and the option, these notes were neither executed nor delivered by defendant to plaintiff at the time defendant received the $10,000. Instead, plaintiff was not given the two $10,000 notes and the option until several days later, on December 27, 1957, the day of closing, after he had parted with the additional $30,000. Defendant had no part whatever in the sale of the option by plaintiff to a stranger.
When the principal sum lent or any part of it is placed in hazard, the lender may lawfully require, in return for the risk, as large a sum as may be reasonable, provided it is done in good faith. The risk, however, must be substantial, for a mere colorable hazard will not preclude excessive interest charges from being usurious. 91 C.J.S. Usury §§ 24-25, pages 599-601. See also 6 Corbin on Contracts, section 1503, page 949; 55 Am.Jur., Usury, section 32, page 347. For cases that consider contingent repayment or risk of capital, see Britz v. Kinsvater, 1960, 87 Ariz. 385, 351 P.2d 986; Schiff v. Pruitt, 1956, 144 Cal. App.2d 493, 301 P.2d 446; Dublin v. Veal, Ky. 1960, 341 S.W.2d 776; and Moore v. Dealy, 1953, 117 Cal. App.2d 89, 254 P.2d 888. In the instant case, plaintiff did not require that more be paid back than was represented by the $40,000 which defendant received from him; instead there were only the notes representing $20,000 plus the option for which defendant had paid $10,000.
It is held in the case of Perry v. Beckerman, Fla. 1957, 97 So.2d 860, that *31 although on the surface a transaction might appear to be unconscionable, the usury statutes may be utilized only as to usury charges made as an incident to loan of money. The contract at issue in that case was designated as being in the nature of a speculative construction venture in which both parties participated. It was noted that at the outset uncertainty existed as to the extent of the profit to be made. The defense of usury was dismissed, and the court did not permit the release of the parties from a bad bargain through the avenue of revision or setting aside of their contract.
It must be remembered that the onus was on the defendant to prove the usury charged by clear and satisfactory evidence. At the time the initial $10,000 was turned over to defendant, nothing in writing was given in exchange for it. Moreover, if the purchase failed because of lack of funds, the $10,000 was to be returned. From the first, the property defendant was seeking to acquire remained the same and the asking price remained the same, so that as between defendant and the sellers, there was one unified deal in the offing. The total amount of the $40,000 furnished by plaintiff was applied to the purchase. It was the $30,000 advanced at the closing by plaintiff that made possible the consummation of the deal at that time; and it was upon the subsequent receipt of the $30,000 that defendant delivered to plaintiff the two notes. The option represented a speculative risk. The financial arrangement here must be looked to as a whole. We cannot help but conclude that the trial judge misapprehended the legal effect of the evidence when considered in its entirety; consequently, the transaction falls outside the ambit of the usury law. This being the case, the judgment must be reversed and the cause returned for judgment for plaintiff in conformity with this opinion.
Reversed.
ALLEN, Acting C.J., and SMITH, J., concur.