335 So.2d 584 (1976)
Ferando MUNILLA and Norka Munilla, His Wife, Appellants,
v.
Armando PEREZ-COBO, Appellee.
No. 75-1442.
District Court of Appeal of Florida, Third District.
June 15, 1976.
Rehearing Denied August 10, 1976.
*585 Shorenstein & Lewis, Miami Beach, for appellants.
A. Jay Cristol and Michael V. Blumenthal, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Defendants seek reversal of a final summary judgment for plaintiff in this mortgage foreclosure action.
Pursuant to the terms of a participation agreement on the construction and sale of houses, plaintiff, Armando Perez-Cobo, was to receive a guaranteed profit from the sale in consideration for advancing loans totalling $20,000 at an interest rate of 8% per annum to the Los Angeles Building Corporation controlled by the family of the defendants. When the loans became due the corporation defaulted and plaintiff filed a complaint seeking to obtain a judgment for $17,000[1] plus interest. In exchange for the execution of a $6,000 note and mortgage by the corporation and $11,725 note and mortgage by defendants Fernando and Norka Munilla individually, plaintiff agreed to forbear from pursuing this lawsuit. The court approved the settlement, the suit was dismissed, all the rights of plaintiff to the participation agreement were cancelled and plaintiff consented to look only to the new notes, mortgages and makers. Thereafter, the corporation defaulted on the $6,000 note. Plaintiff filed suit and when the parties reached a settlement it was dismissed. Defendants defaulted when the $11,725 note reached maturity and plaintiff filed the instant mortgage foreclosure action. Defendants answered alleging as affirmative defenses usury, lack of consideration and duress. Subsequently, plaintiff filed a motion for summary judgment which was granted and defendants appeal.
In the instant case Gunn Plumbing, Inc. v. Dania Bank, Fla. 1971, 252 So.2d 1 is controlling and enunciates the following principles of law: (1) If the first loan contracted charged to be usurious is abandoned and the obligor assents to a new or substituted contract in which he voluntarily agrees to pay the obligation with lawful interest, the new contract will be enforceable; (2) usury is a purely personal defense which may be waived by the borrower in several ways including the execution of a written stipulation, the effect of which is binding upon the parties and may be recognized in another proceeding; (3) in order to obtain relief against stipulations, the regular course is not to ignore or attempt to evade it, but to make a seasonable and affirmative application by formal motion to the court, on notice and supported by affidavit for its withdrawal or revocation.
In light of the above principles of law, we have determined that the $11,725 *586 note and mortgage is valid and enforceable. Pursuant to the terms of the stipulation, plaintiff cancelled all his rights in the original agreement and defendants voluntarily assented to the execution of the instant note and mortgage at a lawful rate of interest. Defendants also are estopped from asserting any set-off, counterclaim or defense, including usury, which arose prior to the execution of the stipulation. Defendants took no affirmative action to rescind, reform or void the terms of the stipulation; they accepted its benefits and were represented by counsel in the prior suit which resulted in the stipulation that was supported by a good and valuable consideration[2] and was acted upon by the parties.
Defendants' remaining affirmative defenses being legally insufficient, the cause was ripe for summary adjudication. See Tippett v. Frank, Fla.App. 1970, 238 So.2d 671, 673.
Affirmed.
NOTES
[1] $3,000 had been repaid.
[2] See Gabel v. Drewrys Limited, U.S.A., Inc., Fla. 1953, 68 So.2d 372.