In re HOLYWELL CORP., Debtor(s).

The BANK OF NEW YORK, Plaintiff,

v.

Theodore GOULD, et al., Defendant.

Bankruptcy No. 84–01590–BKC–TCB.

Adv. No. 85–0160–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

March 20, 1985.

Barry Davidson, Miami, Fla., for plaintiff.

Fred H. Kent, Jr., Jacksonville, Fla., for defendants.

S. Harvey Ziegler, Miami Beach, Fla., Thomas F. Noone, New York City, for Bank of New York.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The debtors' largest secured creditor seeks a determination of the amount, validity and priority of its lien. The matter was heard on March 14.

The plaintiff's lien is disputed by the debtors through two counts which assert breaches of contract, one count which alleges fraud, another count which alleges criminal usury, and a fifth count which asserts a civil RICO claim.

Shortly after this adversary complaint was filed by the plaintiff/creditor, the debtors amended their complaint then pending in the District Court against the plaintiff/creditor by adding the five counts identified. In this action, the debtors have requested a stay by this court until the District Court can hear and determine the five counts in question after a jury trial.

These chapter 11 debtors have presented a plan for reorganization and the plaintiff/creditor has presented an alternative plan. Both plans are scheduled to be considered by confirmation, after a vote by the creditors on April 29. The plaintiff's claim exceeds $225 million and accrues interest at the rate of $2.4 million per month. The parties agree that every effort should be made to avoid any delay in the consideration of the pending plans and in the disposition of the dispute before them.

I am convinced that this court can best serve the parties, the remaining creditors who are not parties to this action, and the District Court by hearing and deciding now the plaintiff/creditor's contention that the five defenses raised by the debtors are barred by releases executed by the debtors in June 1983 and again in June 1984.

The release of June 23, 1983 is in the form of a letter executed by the debtors Gould, Holywell Corporation, Miami Center, Ltd., Partnership and Chopin Associates in consideration of continued financing by the plaintiff bank. It provides that:

"The undersigned release and discharge the Bank, its participants, successors and assigns, for all time, from any claims of any nature which the undersigned ever had, now or hereafter can, shall or may have in connection with or arising out of (i) the Loans or (ii) the Loan Documents."

The release dated June 11, 1984 is executed by the same four parties together with the debtor Miami Center Corporation. It is in consideration of the bank's forbearance of acknowledged defaults as well as additional financing. It provides:

"Chopin, Miami Center, Holywell, MCC and Gould each jointly and severally hereby release and discharge the Bank, its participants, successors and assigns for all time from any claims of any nature, whether known or unknown, which Chopin, Miami Center, Holywell, MCC or Gould ever had, now or hereafter can, shall or may have in connection with, or

arising out of, or otherwise relating to the Loans or the Loan Documents."

The execution and delivery of these releases is conceded. The debtors do not claim any fraud or other irregularity in the inducement or execution of either release nor do they assert any other ground for avoidance of either release. It is the debtors' only contention that three of their five defenses: the fraud, criminal usury and RICO civil claim (or at least some of these three defenses) did not exist at the time these releases were executed and, therefore, are not barred by the releases and, alternatively, it is not legally possible for a party to bar by release defenses of the nature asserted in these three counts. I find no merit in either contention.

■ The parties agree that the effect of these releases, which were executed in Florida, is to be determined by resort to Florida law. In *Gunn Plumbing Inc. v. Dania Bank*, 252 So.2d 1, 4 (Fla.1971), the Florida Supreme Court held that the waiver by defendants of the defense of usury in a prior action constituted an estoppel from raising the defense of usury to a second renewal note. The court noted that usury is a purely personal defense which may be waived and that:

"it has no especial claims upon the indulgence and favor of the court, but must be disposed of upon the same principles and in the same manner as other defenses."

The court also said:

"This Court is committed to the rule that it not only approves but favors stipulations and agreements on the part of litigants and counsel designed to simplify, shorten or settle litigation and save costs to the parties, and the time of the court, and when such stipulation or agreements are entered into between parties litigant or their counsel, the same should be enforced by the court, unless good cause is shown to the contrary."

■ Although the *Gunn* case involved a stipulation in a pending case rather than a release executed by a possible prospective

defendant, I am aware of no basis for considering that a different rule would apply to a release. Similarly, I see no basis to enforce the release of the defense of usury but refuse to enforce the release of either a fraud or RICO civil claim merely because fraud and RICO claims, like usury, are based upon conduct which is contrary to public policy and is prohibited by statute.

*Munilla v. Perez-Cobo*, 335 So.2d 584 (Fla.Dist.Ct.App.1976) follows and applies *Gunn*.

In *Weingart v. Allen & O'Hara*, 654 F.2d 1096, 1103 (5th Cir.1981), the court applied Florida law, saying:

"The district court was correct in determining that both of plaintiffs' claims, fraud and breach of contract, with respect to the Hollows and Boot Lake subcontracts, were released, and thus did not err in granting judgment n.o.v. on that basis."

■ In *Ingram Corporation v. J. Ray McDermott & Co., Inc.*, 698 F.2d 1295, 1323, n. 30 (5th Cir.1983), the District Court had denied summary judgment in RICO claims and state and federal antitrust claims, where summary judgment had been sought by defendant based upon releases. The Court reversed and remanded holding that the antitrust and RICO claims are barred by releases unless the release is avoidable on equitable grounds. I see no reason why the same result should not be reached in the application of Florida law.

■ The debtors have relied upon *Schaal v. Race*, 135 So.2d 252 (Fla.Dist.Ct. App.1961), which appears to me to be completely irrelevant to the issues before me, *Bond v. Koscot Interplanetary, Inc.*, 246 So.2d 631 (Fla.Dist.Ct.App.1971) and *Frye v. Taylor*, 263 So.2d 835 (Fla.Dist.Ct.App. 1972). The last two cases each hold that agreements which violate statutes or are contrary to public policy are illegal, void and unenforceable as between parties. Neither case involved a release or other waiver of a defense asserting illegality. It appears clear to me that although usury, for example, violates a statute and is contrary to public policy and, therefore, is

illegal and unenforceable as between the parties, a party may lawfully waive and estop himself from asserting a defense based upon usury and that he may do so by executing and delivering a release. That appears to be the effect of the holding in *Gunn*. Neither of these cases undercuts that conclusion.

■ The two releases executed by the debtors each explicitly contracted to release future as well as existing claims and unknown as well as known claims. I am aware of no Florida decision declaring such releases unenforceable, and the debtors have presented no such authority.

I find, therefore, that each of the five defenses asserted by the debtors is barred by the releases executed by these debtors. There is, therefore, no useful purpose to be served by the stay of this adversary proceeding pending determination by the District Court of the action before it. I fully recognize, of course, and take comfort from the fact that the determination of this court is subject to review by the District Court.

The debtors' motion for stay is denied. The parties have agreed that they can present a judgment fixing the exact amount of the debt owed to the plaintiff by each debtor and that plaintiff's lien has been duly perfected and is applicable to collateral which is undisputed. The parties are directed to submit such a judgment which will incorporate this court's determination that the plaintiff's lien is valid and enjoys a first priority. Costs, if any, may be taxed on motion.