No. 84–1291. PARK AVENUE INVESTMENT & DEVELOPMENT, INC., ET AL. *v.* BARKHEIMER ET AL. Dist. Ct. App. Fla., 4th Dist. Motion of respondents for attorneys' fees and costs denied. Certiorari denied.

CHIEF JUSTICE BURGER, with whom JUSTICE REHNQUIST and JUSTICE O'CONNOR join.

I agree that we should deny the petition for a writ of certiorari, but I would also grant respondents' motion for costs and fees. This petition is an attempt to invoke the Court's jurisdiction on an utterly frivolous claim, and on this record I believe that the purpose of the petition is to delay collection of a debt. This use of the Court's processes should subject the attorney who filed the petition to the sanction of Rule 49.2 of this Court.[1]

Park Avenue Investment & Development, Inc., was formed to develop and convert oceanfront buildings into time-share resorts. Petitioners solicited the respondents to invest in Park Avenue under a profit-sharing plan. Park Avenue later defaulted on its obligations under the profit-sharing plan. It then executed a series of promissory notes to the respondents for the deficiencies due under the plan, but defaulted on the notes as well. Respondents initiated five separate lawsuits to collect on the promissory notes. On September 17, 1981, the parties entered into a stipulation for the settlement of the lawsuits. The stipulation set out

---

[1] Rule 49.2 provides: "When an appeal or petition for writ of certiorari is frivolous, the Court may award the appellee or the respondent appropriate damages."

the amounts petitioners owed to respondents and established a timetable for repayment. When Park Avenue failed to make any of the payments under the stipulation, respondents attempted to foreclose on their debts, but petitioners prevented them from doing so.

Respondents then filed suit in state court. In response to a motion for summary judgment filed by respondents, petitioners moved to set aside the stipulation on the ground that it was usurious and unenforceable under Florida's criminal usury statute, Fla. Stat. § 687.071(7) (1983). The trial court denied petitioners' motion to set aside the stipulation, granted respondents' motion for summary judgment, and, a few weeks later, entered judgment for respondents. The court based its decisions on *Gunn Plumbing, Inc.* v. *Dania Bank*, 252 So. 2d 1 (Fla. 1971), in which the Florida Supreme Court held that "usury is purely a personal defense created by statute for the protection of borrowers and, therefore, any borrower may waive his right to claim the benefit of such statute." *Id.*, at 4. The trial court held that the parties' stipulation constituted a waiver of whatever usury defense petitioners may have had to the promissory notes.

Petitioners appealed to the District Court of Appeal. That court affirmed in a *per curiam* order, simply citing *Gunn Plumbing, supra*, and *Sherman* v. *Field Clinic*, 74 Ill. App. 3d 21, 392 N. E. 2d 154 (1979). Petitioners then filed a petition for a writ of certiorari in the Florida Supreme Court and at the same time attempted to take a direct appeal to that court, invoking its appellate jurisdiction on the obviously meritless ground that the District Court of Appeal had held § 687.071(7) invalid as applied. See generally Fla. Const., Art. V, § 3(b)(1). The State Supreme Court denied certiorari and dismissed the appeal. Petitioners then filed a motion for reinstatement of the appeal. The Florida Supreme Court denied this motion.

Petitioners next filed their petition for a writ of certiorari in this Court, asserting that the state courts' failure to apply § 687.071(7) infringed their rights under the Equal Protection Clause of the Fourteenth Amendment. Petitioners' equal protection "argument" is raised here for the first time. In reviewing judgments of state courts, of course, we do not consider constitutional arguments that were not properly presented in the state courts.

Moreover, the claim is patently frivolous. Besides the wholly conclusory assertion that the decisions of the state courts have violated petitioners' right to equal protection, the arguments

contained in the petition concern only matters of state law, principally that the trial and appellate courts erred in applying *Gunn Plumbing, supra*. Although there are colorable arguments that *Gunn Plumbing* is distinguishable from petitioners' case, there is nothing in *Gunn Plumbing* or in the facts of this case to indicate that the application of *Gunn Plumbing* here was arbitrary or even surprising. There is no allegation that *Gunn Plumbing* has not been applied in similar cases.[2] Hence there is no basis whatsoever for petitioners' assertion that they have been denied equal protection. Indeed, it seems clear to me that this petition is but the latest step in a series of actions designed solely to delay respondents' foreclosure on their loans. Such an abuse of the judicial process should not be tolerated. See *Talamini* v. *Allstate Insurance Co.*, 470 U. S. 1067, 1071 (1985) (STEVENS, J., concurring) ("[I]f it appears that unmeritorious litigation has been prolonged merely for the purposes of delay, with no legitimate prospect of success, an award of double costs and damages occasioned by the delay may be appropriate.").

Respondents have moved for an award of costs and fees for their expenses in responding to this frivolous petition. I would grant the motion to the extent of awarding respondents $5,000 against Hal P. Dekle, Esq., petitioners' counsel, pursuant to this Court's Rule 49.2.

---

[2] Nor could any such allegation be made; *Gunn Plumbing* has been followed consistently. See, *e. g., Munilla* v. *Perez-Cobo*, 335 So. 2d 584 (Fla. App. 1976), cert. denied, 344 So. 2d 325 (Fla. 1977). See also *Morgan Walton Properties, Inc.* v. *International City Bank & Trust Co.*, 404 So. 2d 1059, 1062 (Fla. 1981).