HAZOURI, J.
Howard Pinchuck appeals an amended final judgment after a bench trial in which the trial court found in favor of Karen Canzoneri on counts I and V of a seven count complaint. The issue before this court is whether the transactions referred to in counts I and V, although couched in terms of “investment profit,” are in fact usurious loans and therefore invalid and unenforceable. Although the transactions were claimed to be investments, we hold that they were in fact usurious and therefore, invalid and unenforceable.
In Count I, paragraph 7, Plaintiff swears under oath to the following:
On or about December 18, 2000, Plaintiff and Defendant PINCHUCK entered into the Agreement whereby Defendant borrowed $50,000 from Plaintiff and Defendant agreed to repay the $50,000 with interest. A true and correct copy of the Agreement is attached hereto and made a part hereof as Exhibit “1”.
Exhibit 1 to the Verified Complaint is a handwritten note that begins:
In exchange for $50,000.00 Howard Pin-chuck will repay to Karen Canzoneri 12% per month for 12 consecutive months beginning March 1, 2001 — as an investment profit. “interest on $50,000.00”.
This is an annualized 144 percent rate of return on principal.
In Count V, Plaintiff alleges as follows:
On or about April 2, 2001, Plaintiff and Defendants PINCHUCK and MILLER [1] entered into the Agreement whereby Defendants borrowed $36,000 from Plaintiff and Defendants agreed to repay the $36,000 with Interest. A true and correct copy of the Agreement is attached hereto and made a part hereof herein as Exhibit “5”.
Exhibit 5 to the verified petition is a handwritten note from the Defendant to the plaintiff and states:
Note: Agreement between Karen Can-zoneri and Walter Miller and Howard Pinchuck.
Karen Canzoneri is advancing to the above mentioned parties $36,000 to be repaid on or before 6/1/01 with an investment profit of $36,000 total being $72,000.
*715 The annualized rate of return for this transaction is 608 percent.
Pinchuck argues that the trial court erred in basing its ruling on counts I and V on the use of the term “investment profit” in the agreement. It should have considered the substance of the transactions and the intent of the parties and determined that the interest charged was usurious. We agree.
In Jersey Palm-Gross, Inc. v. Payer, 658 So.2d 531 (Fla.1995), the supreme court stated:
The Florida Legislature enacted Chapter 687, Florida Statutes (1993), to protect borrowers from paying unfair and excessive interest to overreaching creditors. This chapter sets limits on interest rates and prescribes penalties for the violation of those limits. Section 687.071(2), Florida Statutes (1993), defines criminal usury as the willful and knowing charge or receipt of interest in excess of 25% per annum. Id. The civil penalty for violating this statute is forfeiture of the entire principal amount. § 687.071(7), Fla.Stat. (1993).
Jersey Palm-Gross, Inc., 658 So.2d at 534.
The four requirements of a usurious transaction are:
(1) that such transaction must be a loan, expressed or implied; (2) that an understanding must exist between the parties that the money lent shall be returned; that for such loan, a greater rate of interest than is allowed by law shall be paid or agreed to be paid as the case may be; and (4) that there must exist a corrupt intention to take more than the legal rate for the use of the money loaned.
Diversified Enters., Inc. v. West, 141 So.2d 27, 29 (Fla. 2d DCA 1962).
The trial court found that the agreements included in counts I and V were valid and binding contracts whereas the agreements sued upon in counts II, III, IV, VI and VII were usurious under section 687.071, Florida Statutes (2000), and therefore unenforceable. The only distinction between the agreements that the trial court found to be valid and the ones the trial court found to be usurious loans is that the ones found to be valid contained the term “investment profit” which was used to describe the amount to be paid above the principal.
In Griffin v. Kelly, 92 So.2d 515 (Fla.1957), the issue presented was whether the defendant’s affirmative defense of usury was sufficient to preclude judgment on the pleadings for the plaintiffs action on a note. The court quoted with approval the Restatement of Contracts, section 529, which states:
Where the intent of a party to a bargain is to make a loan of money or an extension of the maturity of a pecuniary debt for a greater profit than is allowed by law, the agreement is illegal though the transaction is put in whole or in part in the form of a sale, a contract to sell or other contract.
Griffin, 92 So.2d at 518. Even though the agreements which were the subjects of counts I and V were put in terms of investment and the return is called profit, not interest, this does not change our conclusion that these were loans and the transactions were usurious.
It is well settled in Florida that the courts will look to the substance of the transaction rather than to the form to determine usury. See Kay v. Amendola, 129 So.2d 170 (Fla. 2d DCA 1961).
Our usury statutes show a clear legislative intent to prevent accomplishment of a usurious scheme by indirection, and the concealment of the needle of usury in a haystack of subterfuge will not avail *716 to prevent its pricking the body of the law into action.
Kay, 129 So.2d at 173. The agreements alleged in counts I and V meet the four requirements of usurious transactions. We therefore reverse and remand for entry of judgment for Pinchuck on counts I and V.

Reversed and Remanded.

STEVENSON, C.J., and WARNER, J., concur.

. Karen Canzoneri filed a notice of voluntary dismissal of Walter Miller and proceeded only against Howard Pinchuck.