SUAREZ, J.
Intervenors, Mark Blanco, Jose L. Blan-co and Krishna Blanco (“Blancos”), appeal an order denying their motion to vacate a final judgment in foreclosure. We affirm.
In September of 2001, the Blancos’ grandmother defaulted on a note and balloon mortgage for $25,000. Assignee of the mortgage, Koretzky, brought suit to foreclose the note and mortgage and filed a lis pendens in April of 2002. The parties entered into a settlement in January of 2003, whereby the grandmother agreed to pay Koretzky a lump-sum of $34,000, inclusive of principal, interest and attorney’s fees. It was further agreed that if payment was not received by January 15, 2003, Koretzky would be entitled to a final judgment of foreclosure. The grandmother failed to make any payment. In August 2003, Koretzky filed a notice of hearing for a motion for final judgment of foreclosure, which was served upon the parties and a final judgment of foreclosure was entered. In November 2004, the Blancos moved to intervene based on an unrecorded quit claim deed of the property to them from their grandmother signed a few days before she died in April 2003.[1] The Blancos claimed lack of notice of the August 2003, foreclosure hearing and usury, and moved to vacate the final judgment.
We uphold the trial court’s rejection of the Blancos’ claim of lack of notice in that they failed to rebut the presumption that proof of mailing of the notice of the final foreclosure hearing evidences that the notice of hearing was received. E.g., Brown v. Giffen Indus., Inc., 281 So.2d 897 (Fla.1973); Scott v. Johnson, 386 So.2d 67 (Fla. 3d DCA 1980). Moreover, we uphold the trial judge’s denial of the motion to *33 vacate the judgment of final foreclosure on grounds of usury. If the Blancos’ argument is that the note and mortgage are usurious, the denial of the motion to set aside was proper. The grandmother entered into a stipulation for settlement of the foreclosure suit after entry of default. Therefore, the Blancos are now estopped from raising the defense of usury as to the note and mortgage. See Park Ave. Inv. & Dev., Inc. v. Barkheimer, 471 U.S. 1108, 105 S.Ct. 2171, 85 L.Ed.2d 859 (1985); Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1 (Fla.1971) (stipulation estops borrower from raising statutory defense of usury). If the Blancos’ argument is that the amount of the final judgment claimed by Koretzky and entered by the trial judge in August 2003, is usurious, the denial of the motion to set aside was, again, proper. The Blancos neglected to file affidavits or allege with the required particularity facts which would have shown a usurious intent on behalf of the lender, Koretzky. See Diversified Enters., Inc. v. West, 141 So.2d 27 (Fla. 2d DCA 1962); DuPont Plaza, Inc. v. Samuel Kipnis Family Found., 132 So.2d 352 (Fla. 3d DCA 1961); Am. Nat’l Growers Corp. v. Harris, 120 So.2d 212 (Fla. 2d DCA 1960). Despite being given numerous opportunities, they failed to do so. As such, the trial judge was correct in denying the motion to set aside without an evidentiary hearing. See Flemenbaum v. Flemenbaum, 636 So.2d 579, 580 (Fla. 4th DCA 1994).
Affirmed.

. Although it is not an issue, this court, as did the trial judge, questions why it took so long to raise the issue of this unrecorded deed.