IN RE: Sam DAWKINS, Debtor.

Deborah Raspa, Plaintiff,

v.

Sam Dawkins, Defendant.

Case No. 6:13–bk–01294–CCJ
Adv. Pro. No. 13–ap–00130–CCJ

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Signed February 12, 2016

John M. Brennan, Maureen A. Vitucci, Gray Robinson, Orlando, FL, for Plaintiff.

Sam Dawkins pro se.

## ORDER DENYING DEFENDANT'S AMENDED MOTION FOR RELIEF FROM JUDGMENT

Cynthia C. Jackson, United States Bankruptcy Judge

This case came before the Court for final evidentiary hearing on September 9, 2015, for consideration of the Defendant's Amended Motion for Relief from Judgment (Doc. No. 104; the "Motion"). By the Motion, the Defendant seeks to vacate the Consent Final Judgment entered on April 8, 2014 (Doc. No. 16; the "Consent Judgment"), under Federal Rules of Civil Procedure 60(b)(2)–(3) on the grounds of newly discovered evidence, fraud, misrepresentation, or misconduct by the Plaintiff. The Debtor subsequently filed the Supplemental Motion for Relief from Judgment (Doc. No. 141), alternatively seeking to vacate the Consent Judgment under Rule 60(b)(6). Having considered the pleadings, taken evidence, and heard argument of the parties, the Court denies the Motion for the reasons set forth below.

The debt adjudged non-dischargeable by the Consent Judgment stems from a series of business transactions by which the Defendant solicited funds from the Plaintiff to purchase real estate investment properties. The Defendant asserts that the Plaintiff mischaracterized the funds dispensed as "investments," rather than "loans," in order to cloak the usurious nature of the loans and portray them as statutorily authorized transactions. The Defendant's sole argument in support of the Motion is that the Plaintiff knowingly made these mischaracterizations to fraudulently obtain the Consent Judgment.

For the purposes of Rule 60(b), a consent judgment is equivalent to a final judgment, even though a consent judgment stems from an agreement between the parties, rather than a decision rendered on the merits. *See Rufo v. Inmates of Suffolk Cnty. Jail,* 502 U.S. 367, 391, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992) (discussing that consent judgments are "subject to the rules generally applicable to other judgments and decrees," including Rule 60). Under any subsection of Rule 60(b), the burden is on the moving party to show grounds for the relief sought. *See Johnson v. Florida,* 348 F.3d 1334 (11th Cir. 2003).

■ For the Court to grant relief based upon newly discovered evidence under Rule 60(b)(2), the movant must meet a five-part test:

> (1) the evidence must be newly discovered since the trial [or final judgment or order]; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial [or reconsideration of the final judgment or order] would probably produce a new result.

*Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.,*747 F.3d 1262, 1274 (11th Cir.2014) (citations omitted). A motion for Rule 60(b)(2) relief "is an extraordinary motion and the requirements of the rule must be strictly met." *Toole v. Baxter Healthcare Corp.,* 235 F.3d 1307, 1316 (11th Cir.2000) (quoting *Scutieri v. Paige,* 808 F.2d 785, 793 (11th Cir.1987)).

■ To obtain relief from a final judgment based upon fraud under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct. *Waddell v. Hendry Cty. Sheriff's Office,* 329 F.3d 1300, 1309 (11th Cir.2003) (citations omitted). The moving party must also demonstrate that the conduct prevented the movant from fully presenting his case. *Id.*

■ Rule 60(b)(6) is the "catch-all" ground for relief under Rule 60(b). *Galbert v. W. Caribbean Airways,* 715 F.3d 1290, 1294 (11th Cir.2013). It authorizes relief for "any other reason that justifies relief" from a final judgment, order, or proceeding. Fed.R.Civ.P. 60(b)(6). Rule 60(b)(6) motions must demonstrate "that the circumstances are sufficiently extraor-

dinary to warrant relief." *Toole,* 235 F.3d at 1317 (citations omitted). Rule 60(b)(6), however, "applies only to cases that do not fall into any of the other categories listed in parts (*l*)-(5) of Rule 60(b)." *United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cty., Ala.,* 920 F.2d 788, 791 (11th Cir.1991) (citing *Klapprott v. United States,* 335 U.S. 601, 614–15, 69 S.Ct. 384, 93 L.Ed. 266 (1949)).

■ In the present case, the Defendant failed to carry his burden for relief under any of the relevant subsections of Rule 60(b). With respect to Rule 60(b)(2), much of the "newly discovered" evidence cited by the Defendant (Doc. No. 143, Ex. A–D) is not actually *new.* The evidence consists primarily of pleadings and exhibits filed in state court proceedings initiated in 2012 and 2013 to which the Defendant was a party and which preceded entry of the Consent Judgment. The only evidence that postdates the Consent Judgment is a fifteen-count complaint filed by the Defendant against the Plaintiff in state court earlier this year (Doc. No. 143, Ex. E), and excerpts of the Plaintiff's deposition taken in connection with that proceeding, which the Defendant references in the Motion. All of the evidence serves to show that the Plaintiff, at different times, referred to the transactions inconsistently as either "investments" or "loans."

The Defendant's evidence is merely impeaching, at best. The evidence is also not material, as the terms of the transactions were not in any way transformed by the fact that the Plaintiff referenced them by inconsistent labels. The Defendant was aware of the terms of the transactions when he entered into the agreements with the Plaintiff. In fact, it appears that the Defendant dictated at least some terms of the transactions, in that he solicited the

principal amounts loaned/invested by the Plaintiff on the basis of the purchase prices and costs of rehabilitating the investment properties. Because the Defendant knew of the Plaintiffs inconsistent labeling of the transactions prior to the Consent Judgment being entered, the evidence is not newly discovered, and the Defendant is not entitled to relief from the Consent Judgment under Rule 60(b)(2).

■ The Defendant also failed to establish grounds for relief under Rule 60(b)(3). The Defendant's evidence shows that the Plaintiff's inconsistent labeling of the transactions began long before the Consent Judgment was entered. Therefore, it cannot be said that the Plaintiff "knowingly mischaracterized" the transactions to "fraudulently obtain" the Consent Judgment. (Doc. No. 104). The Defendant had actual knowledge of these inconsistencies but neglected to bring a case on the alleged "mischaracterizations" until after entry of the Consent Judgment, despite a lack of interference from the Plaintiff. As such, the Defendant cannot show by clear and convincing evidence that the Plaintiff obtained the Consent Judgment through fraud, misrepresentations, or other misconduct.

■ Finally, the Defendant failed to provide evidence of "any other reason justifying relief" under Rule 60(b)(6), aside from the evidence already addressed under Rules 60(b)(2) and 60(b)(3). Rule 60(b)(6) applies only to cases that do not fall into any of the other categories of Rule 60(b). Because the Defendant neglected to offer any additional evidence, he cannot demonstrate that the circumstances are sufficiently extraordinary to warrant relief from the Consent Judgment under Rule 60(b)(6).

■ Most importantly, and even if the Defendant had shown grounds for the relief sought under Rule 60(b), which he *has not*, he is estopped from raising a usury defense regarding the transactions with the Plaintiff. Where parties have entered into a stipulation to settle a lawsuit which sets out the amounts owed, the party responsible for payment cannot subsequently move to set aside that stipulation on the grounds that it is usurious and unenforceable under Florida usury laws. *See Park Ave. Inv. & Dev., Inc. v. Barkheimer,* 471 U.S. 1108, 105 S.Ct. 2171, 85 L.Ed.2d 859 (1985). The trial court in *Park Ave. Inv. & Dev., Inc.* based its decision on *Gunn Plumbing, Inc. v. Dania Bank,* 252 So. 2d 1 (Fla.1971), in which the Florida Supreme Court held that "usury is purely a personal defense created by statute for the protection of borrowers and, therefore, any borrower may waive his right to claim the benefit of such statute." *Id.* at 1109, 105 S.Ct. 2171 (quoting *Gunn Plumbing, Inc.,* 252 So.2d at 4) (internal quotations omitted). The trial court concluded that the parties' stipulation constituted a waiver of whatever usury defense the petitioners may have had with respect to the underlying transactions. *Id.*

The Consent Judgment in the present case was entered on the basis of the Order Granting Compromise of Controversy (Main Case Doc. No. 25), which incorporated the parties' approved Stipulation of Settlement (Main Case Doc. No. 22–1; the "Stipulation"). Because the Defendant entered into the Stipulation to settle the instant proceeding with the Plaintiff, setting out the nondischargeable amounts for which the Defendant is responsible, the Stipulation constitutes a waiver of whatever usury defense that the Defendant may have had. As a result, the Defendant is now estopped from raising the usury defense which prompted him to move for relief from the Consent Judgment.

For the reasons set forth above, it is ORDERED that:

1. The Motion is denied.
2. The Consent Judgment remains in effect.

ORDERED.